IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WILLARD MAX IMAMOTO,<br><br>        Plaintiff,<br><br>   vs.<br><br>HONOLULU POLICE DEPARTMENT, *et al.*,<br><br>        Defendants. | Civil No. 25-00198 MWJS-RT<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS; DISMISSING COMPLAINT; DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT; AND DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT |

## INTRODUCTION

Before the court is pro se Plaintiff Willard Max Imamoto's complaint against the Honolulu Police Department (HPD) and an unnamed police officer with ID No. 105396. ECF No. 1. Imamoto has also applied to proceed in forma pauperis (IFP), that is, without prepayment of fees or security. ECF No. 3. When considering such an application, the court must screen the proposed complaint to ensure that it may properly hear the case.

Because he cannot afford court fees, the court GRANTS Imamoto's IFP application. But the complaint does not pass this court's screening because a form of abstention—known as *Younger* abstention—applies. The court therefore DISMISSES the complaint. Moreover, because any amendment of the complaint would be futile, Imamoto's motion for leave to amend the complaint, ECF No. 7, is DENIED. And

finally, because the court dismisses Imamoto's complaint based on its independent obligation to screen the complaint, Defendant HPD's motion to dismiss, ECF No. 5, is DENIED as moot.

## DISCUSSION

### A.   Background

On April 18, 2025, Imamoto received a traffic ticket for sleeping in his car. *See State v. Imamoto*, Case No. 1DTP-25-010797 (Haw. Dist. Ct. Apr. 21, 2025).[1] According to the state court docket, Imamoto received a citation for "human habitation in [a] car," in violation of Hawaiʻi Revised Statutes (HRS) § 291C-112 (2018), and was assessed a fine of $25, in addition to a $10 administrative fee. *Id.* (capitalizations omitted). The Honolulu traffic court conducted an in-camera review of his case on May 12, 2025, and it entered judgment in favor of the State that same day. *Id.*, Dkt. Nos. 5 & 7. Imamoto then requested a "trial/trial de novo," which is set for July 15, 2025. *Id.*, Dkt. No. 8.

Imamoto filed this action in federal court on May 13, 2025, alleging various violations of state and federal law. *See* ECF No. 1. Imamoto also filed an application to proceed IFP. ECF No. 3. In the complaint, Imamoto states that he is 66 years old and

---

[1]   The court takes judicial notice of the relevant state court proceedings in this case. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (explaining that a court "may take [judicial] notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (cleaned up)); *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) ("A court may take judicial notice of matters of public record." (cleaned up)).

2

currently lives in his car.  ECF No. 1, at PageID.5.  Imamoto challenges the traffic citation he received on several grounds, including that the Supreme Court's decision in *City of Grants Pass v. Johnson*, 603 U.S. 520 (2024), affords him protection from penalties for sleeping in his car under the Eight Amendment's prohibition against cruel and unusual punishment.[2]  Specifically, he alleges that the state statute under which he received the citation, HRS § 291C-112, is unconstitutional because it "criminalize[s] the homeless existence."  ECF No. 1, at PageID.8.  He also appears to challenge the constitutionality of HRS § 291C-113 (2018), which permits the counties to "enact and enforce ordinances regulating the use of vehicles for purposes of human habitation," and HRS § 291C-114 (2018), which prohibits parking on sidewalks.

In addition, Imamoto brings claims under the First Amendment, the due process clause, and the equal protection clause of the federal Constitution.  *Id.* at PageID.10-11.  To that end, he points out that other individuals who slept in their vehicles did not receive tickets, and he is "the only one who got a ticket."  *Id.* at PageID.6.  Imamoto brings his claims under 42 U.S.C. § 1983, alleging that it was unconstitutional for the unnamed individual officer to give him a citation.  *Id.* at PageID.10.  He contends that HPD officers "are in total lack of training" and have "violate[d]" state law because of

---

[2]   While the court need not reach the merits of this argument, it notes that the Supreme Court held in *Grants Pass* that a city ordinance prohibiting camping on public property did not criminalize the "status" of being unhoused.  *See City of Grants Pass*, 603 U.S. at 546-47.

3

the department's failure to train its employees, *id.* at PageID.12, and that HPD "needs to re-educate" its employees, *id.* at PageID.6. He therefore seeks declaratory relief that his First, Eighth, and Fourteenth Amendment rights have been violated, and $80,000 in punitive damages. *Id.* at PageID.22.

After Imamoto filed his initial complaint and IFP application, but before the court had taken any action, Defendant HPD filed a motion to dismiss. ECF No. 5. Imamoto subsequently filed a "reply" memorandum. ECF No. 6. And HPD filed a further response to that reply. ECF No. 10. Imamoto also filed a motion to amend his complaint, in which he requests the court's leave to substitute the City and County of Honolulu as the sole defendant, in place of HPD and the individual police officer, who were named as defendants in the initial complaint. ECF No. 7.

### B. Screening Under the In Forma Pauperis Statute

Under 28 U.S.C. § 1915(a)(1), federal courts may authorize the commencement of suit without prepayment of fees or security by plaintiffs who demonstrates an inability to pay. Section 1915(a) does not require an IFP applicant to demonstrate absolute destitution, *see Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), but they must "allege poverty with some particularity, definiteness and certainty," *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (cleaned up). An affidavit supporting an IFP application is sufficient where it alleges that the applicant "cannot pay the court costs and still afford the necessities of life." *Id.*

The court finds that Imamoto has shown an inability to pay under § 1915(a).  In the IFP application, Imamoto states that his only source of income is a disability compensation payment of $1,200 a month.  ECF No. 3, at PageID.59.  Imamoto further states that he does not have any assets aside from his car, which is worth $1,200, and $150 in a bank account.  *Id.* at PageID.60.  The court notes that Imamoto's annual income of $14,400 ($1,200 monthly x 12 months = $14,400) falls well below the 2025 poverty guidelines for a one-person household in Hawaiʻi.  *See* Annual Update of the HHS Poverty Guidelines, 90 Fed. Reg. 5917 (Jan. 17, 2025) (listing $17,990 in annual income as the 2025 poverty guideline for a one-person household in Hawaiʻi).

Imamoto has demonstrated a current inability to pay court fees while still affording the necessities of life, and the court therefore GRANTS his IFP application.

C. **Screening of Imamoto's complaint**

Because Imamoto seeks to proceed without prepayment of fees, the court must screen the complaint.  *See* 28 U.S.C. § 1915(e)(2).  Imamoto is a pro se litigant, and so the court liberally construes his pleadings.  *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  But the court must still dismiss claims or complaints that are frivolous, malicious, or fail to state a claim for relief.  *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

As an initial matter, the complaint improperly names HPD as a defendant.  "Claims against a municipality and its respective police department are treated as

claims against the municipality and thus not subject to suit under § 1983." *Gomes v. County of Kauai*, 481 F. Supp. 3d 1104, 1110 (D. Haw. 2020).  And here, HPD is "a division of the City and County of Honolulu and is not separately subject to suit under § 1983."  *Oyadomari v. Sutherland-Choy*, Civ. No. 19-00656, 2020 WL 61573, at *2 n.6 (D. Haw. Jan. 6, 2020) (citations omitted).  To the extent Imamoto continues to pursue a § 1983 claim, he would need to do so against the City and County of Honolulu, "which would be the proper municipal defendant."  *Id.* at *2.

Imamoto appears to concede as much:  in his motion to amend the complaint, he requests that the court permit him to name the City and County of Honolulu as a defendant in place of HPD and the individual officer.  *See* ECF No. 7, at PageID.100.[3]

Substituting a proper defendant, however, would not suffice for Imamoto's complaint to survive screening because this court must abstain from adjudicating Imamoto's claims in light of the ongoing quasi-criminal state court proceedings.  "*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism."  *San Jose Silicon Valley Chamber of Com. Pol. Action Comm. v. City of San Jose*, 546 F.3d 1087, 1091 (9th Cir. 2008) (footnote omitted).  When a federal civil lawsuit is filed, a court should abstain from adjudicating under *Younger* "when the [related] state proceedings:  (1) are ongoing, (2) are quasi-criminal

---

[3] It is a separate question whether the unnamed individual police officer is an appropriate defendant, but given the court's conclusion that *Younger* abstention applies, it need not resolve that question.

enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014).  And whenever "these 'threshold elements' are met," a court must then "consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies."  *Id*; *see also Char v. Simeona*, CIV. NO. 18-00303, 2018 WL 4323894, at *4 (D. Haw. Sept. 10, 2018) (noting that "federal courts may not stay or enjoin pending state criminal court proceedings, nor grant monetary damages for constitutional violations arising from them").  "When the *Younger* elements are present, the federal court may exercise jurisdiction only when state proceedings are conducted in bad faith or extraordinary circumstances exist."  *Char*, 2018 WL 4323894, at *4.

Here, the *Younger* threshold elements are met.  First, the Honolulu traffic court proceedings are still ongoing:  trial is set for July 15, 2025.  Second, the proceedings are quasi-criminal in nature.  While the Hawaiʻi Intermediate Court of Appeals has held that a traffic infraction of the sort at issue here is no longer considered a "criminal offense," *State v. Rees*, 107 Hawaiʻi 508, 519, 115 P.3d 687, 698 (Ct. App. 2005), such charges are still quasi-criminal because they are brought by the State and the State has a strong interest in maintaining public safety by way of its traffic enforcement.  *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975) (extending *Younger* abstention to a "state

7

proceeding which in important respects is more akin to a criminal prosecution than are most civil cases," where the "State [wa]s a party").  Third, there is no reason the state courts would be unable to adjudicate Imamoto's constitutional challenges to the relevant statutory provisions—in fact, should he desire to do so after the scheduled trial, Imamoto may appeal the judgment from the traffic court and raise the same issues presented in the current complaint.  Fourth, the proceeding implicates the important state interest of prosecuting individuals who do not adhere to state traffic laws and the relevant state interests of those laws, such as public health and safety.  *See State v. Sturch*, 82 Hawaiʻi 269, 277, 921 P.2d 1170, 1178 (Ct. App. 1996) (addressing whether HRS § 291C-112(a) violates equal protection principles and holding that the "State has a legitimate interest in protecting members of the general public who use the public property involved against the dangers caused by the lack of such facilities" and "the State also has a legitimate interest in regulating the density of use of public property to maintain the nature and designated purpose of that property for the benefit of the public generally").  And the court finds no facts in the record that would amount to "extraordinary circumstances" or indicate that the current state court proceedings are being conducted in "bad faith," such that *Younger* abstention would not apply.  Nor has Imamoto identified any facts or evidence that would support a finding of extraordinary circumstances or bad faith, despite having filed not only his complaint, but also a submission in response to HPD's motion to dismiss.

The court therefore concludes that the *Younger* abstention principle applies, and precludes the court from adjudicating Imamoto's claims.  *See Herships v. Newsom*, No. 19-cv-01872, 2019 WL 5309193, at *3 (E.D. Cal. Oct. 21, 2019), *report and recommendation adopted,* No. 19-cv-01872, 2020 WL 757786 (E.D. Cal. Feb. 14, 2020) (holding that "Younger abstention applies here as to plaintiff's claims related to his pending traffic tickets and the injunctive relief requested" because providing any injunctive relief "would effectively enjoin the pending state court proceedings on plaintiff's traffic tickets").  For that reason, the court dismisses the complaint and denies Imamoto's motion for leave to amend as futile.

## CONCLUSION

For the foregoing reasons, the court GRANTS Imamoto's in forma pauperis application, but DISMISSES the complaint.  The court also DENIES Plaintiff's Motion to Amend Complaint, ECF No. 7, and DENIES Defendant HPD's Motion to Dismiss, ECF No. 5, as moot.

//

//

//

//

//

//

IT IS SO ORDERED.

DATED: June 24, 2025, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 25-00198 MWJS-RT; *Willard Max Imamoto v. Honolulu Police Dep't,* et al.; ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS; DISMISSING COMPLAINT; DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT; AND DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT